UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**James Helfrich,**

      **Plaintiff,**

**-v-**                                                  Case No.: 2:12-cv-736
                                                      JUDGE SMITH
                                                      Magistrate Judge Kemp

**Judge Richard Markus,** *et al.***,**

      **Defendants.**

## OPINION AND ORDER

Plaintiff brings this 18 U.S.C. § 1983 action against Judge Richard Markus, a retired Ohio common pleas judge who presided over Plaintiff's civil case in Licking County as a visiting judge; three judges from the Fifth District Court of Appeals of Ohio, Judge Patricia Delaney, Judge W. Scott Gwin, and Judge John W. Wise; and seven justices of the Supreme Court of Ohio, Chief Justice Maureen O'Connor, Justice Paul E. Peifer, Justice Evelyn Lundberg Stratton, Justice Terrence O'Donnell, Justice Judith Ann Lanzinger, Justice Robert R. Cupp, and Justice Yvette McGee Brown.  This matter is before the Court on Defendants' Motions to Dismiss (Docs. 5 and 17).  The Motions are fully briefed and ripe for review.  For the reasons that follow, the Court **GRANTS** Defendants' Motions.

### I. BACKGROUND

Plaintiff James Helfrich is a resident and citizen of Licking County, Ohio.  Defendants are all judges of various Ohio courts.  Plaintiff describes that he "has been openly critical of the members of the Ohio Judiciary, especially those members of the Courts of Licking County as

well as the Fifth District Court of Appeals of Ohio, which includes Licking County." (Compl. ¶ 9). Plaintiff has "written numerous letters that have appeared in newspapers all across the region that have openly criticized the members of the judiciary of Ohio, including Licking County newspapers and Stark County newspapers." (Compl. ¶ 10).

Defendant Judge Markus declared Plaintiff a vexatious litigator pursuant to Ohio Revised Code § 2323.52, and imposed various sanctions and filing requirements upon Plaintiff, including a separate docket for Plaintiff to file his application to have his cases approved. (Compl. ¶¶ 11-15). Plaintiff has attempted to appeal the contempt of court finding to the Fifth District Court of Appeals, but the appellate court refused to hear the appeal on the grounds that the contempt finding and threats of future sanctions were not final appealable orders. (Compl. ¶ 24). The Fifth District has also refused to hear any appeal from Plaintiff regarding the denial of his requests to file pleadings in the Common Pleas Court. (Compl. ¶ 21). Plaintiff has also sought a writ of mandamus, a writ of prohibition, and a declaratory opinion from the Ohio Supreme Court, but the Supreme Court dismissed the entire case. (Compl. ¶¶ 34-36).

Plaintiff alleges violation of his rights to due process under the Fifth and Fourteenth Amendments to the United States Constitution, as well as Section 1.16 of the Ohio Constitution. He further alleges violations of his property rights due to his inability to enforce his contractual rights with tenants who do not pay their rent, in violation of the Fifth and Fourteenth Amendments to the United States Constitution, as well as Sections 1.19 and 1.19(b) of the Ohio Constitution. He finally alleges violations of his freedom of speech, in violation of the First Amendment to the United States Constitution, as well as Section 1.1 of the Ohio Constitution.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a lawsuit for "failure to state a claim upon which relief can be granted."  A Rule 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it.  *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).  The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim.  Consequently, a complaint will be dismissed pursuant to Rule 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief.  *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978).  Rule 12(b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which requires the complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"

A court, in considering a 12(b)(6) motion to dismiss, must "construe the complaint in the light most favorable to the plaintiff," accepting as true all the plaintiff's factual allegations.  *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).  Although in this context all of the factual allegations in the complaint are taken as true, a court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Furthermore, to survive dismissal pursuant to Rule 12(b)(6), a claim must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Twombly*, at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 678. While a complaint need not contain "detailed factual allegations," its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, at 555. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' " *Iqbal*, at 679 (quoting Fed. R. Civ. P. 8(a)(2)). In the final analysis, the task of determining plausibility is "context-specific [and] requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. DISCUSSION

Defendant Judge Richard Markus moves to dismiss Plaintiff's claims against him on the grounds that this Court lacks jurisdiction over Plaintiff's challenges to the state court decisions under the Rooker-Feldman doctrine; that Judge Markus is immune from suit; and Plaintiff fails to state a cause of action against Judge Markus. The Appellate Judges also move to dismiss for the same reasons. Since Judge Markus and the Appellate Judges' Motions are seeking dismissal of the claims against them on similar grounds, the Court will address them together and refer generally to all the Judges as Defendants.

**A.     Eleventh Amendment Immunity**

Defendants argue that Plaintiff's claims against them must be dismissed based on Eleventh Amendment immunity. The Eleventh Amendment to the United States Constitution bars the federal courts from hearing a suit against a State when the relief sought is monetary damages. The Supreme Court of the United States has held that the Eleventh Amendment prohibits damages suits against states in federal court under 42 U.S.C. § 1983. *Quern v. Jordan*,

4

440 U.S. 332, 342 (1979). In *Hafer v. Melo*, 502 U.S. 21, 31 (1991), the Supreme Court held that "state officials, sued in their individual capacities, are 'persons' within the meaning of [42 U.S.C.] § 1983." In contrast, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the state itself." *See also Wolfel v. Morris*, 972 F.2d 712, 719 (6th Cir. 1992). Thus, "a suit for damages against a state official in his or her official capacity cannot be maintained pursuant to § 1983." *Id.* at 718. Nonetheless, Section 1983 claims against the officials sued in their official capacities for prospective injunctive relief are not barred by Eleventh Amendment immunity. *Id.* at 719. "[A] state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Hafer*, 502 U.S. 21, (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *see also Ex Parte Young*, 209 U.S. 123, 159-60 (1908)).

This same prohibition also applies to Section 1985 suits. *See Seibert v. Oklahoma*, 867 F.2d 591, 594-95 (10th Cir. 1989) (official capacity suits under §§ 1983, 1985, and 1986 are barred by Eleventh Amendment).

There is no question that the individual judges named as defendants in this action are state officials. *See Haller v. Lipps*, 2011 U.S. Dist. LEXIS 153187, at *19 (S.D. Ohio Dec. 18, 2011) (Bowman, J.) (determining that an official capacity suit against Chief Justice O'Connor was barred by the Eleventh Amendment). Further, there is no question that Plaintiff has named the individual judges as defendants in their official capacity and is seeking monetary damages in an amount in excess of $100,000.

5

Plaintiff, however, argues that the individual judges are not immune when acting "outside of [their] jurisdiction as a judge." (Pl.'s Response at 5 (Doc. 15), citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)). Plaintiff argues that the judges have "gone out of their way to intentionally deny [him] access to the Courts of Ohio and allow for a review of his rulings." (Pl.'s Response at 5 (Doc. 19)). Specifically with respect to Judge Markus, Plaintiff argues that he has no authority to create a special docket and deprive Plaintiff the right to appeal orders entered on that special docket. In the alternative, Plaintiff asserts that if the Court finds that he has failed to state a claim, then he requests leave to amend the complaint.

Because Plaintiff has sued Defendants in their official capacity, they are entitled to Eleventh Amendment immunity from claims for monetary damages brought under both Section 1983 and Section 1985. Consequently, Defendants' Motions to Dismiss Plaintiff's Section 1983 and Section 1985 claims are **GRANTED**. The Court has considered Plaintiff's alternative request to amend the complaint and believes it would be futile as his request was to "permit him to amend the complaint to provide more facts to further establish his claims against the Defendants." (Doc. 19 at 6). More facts are not going to help Plaintiff overcome the bar of the Eleventh Amendment. Accordingly, Plaintiff's request to amend the complaint is **DENIED**.

**B.     Judicial Immunity**

Plaintiffs' claims against Defendants are also barred by judicial immunity. "Judges are generally absolutely immune from civil suits for money damages, including § 1983 suits." *Depiero v. City of Macedonia*, 180 F.3d 770, 783 (6th Cir. 1999). However, absolute judicial immunity does not extend to judges who act: (1) in a non-judicial capacity; or (2) in the complete absence of all jurisdiction. *Barnes v. Winchell*, 105 F.3d 1111, 1115-116 (6th Cir.

6

1997). Whether an act is judicial depends on: (1) "whether it is a function normally performed by a judge;" and (2) whether the parties dealt with the judge in his or her judicial capacity. *Depiero*, 180 F.3d at 783-84. There is no question that all the named Defendants in this case were engaged in judicial acts. Defendants only contact with the Plaintiff was in the performance of their judicial functions. Defendant Markus was most involved with Plaintiff's cases at the trial court level and the appellate judges were engaged in judicial acts when reviewing Plaintiff's requests for appeals. Plaintiff in fact alleges that Defendants "refuse[d] to hear any appeals." (Compl. ¶¶ 20, 24). Such a review of a case is an innately judicial act. Simply because Plaintiff disagrees with the decisions of the Defendants does not abrogate their judicial immunity. *See Stump*, 435 U.S. at 349 ("[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority"). Accordingly, Defendants are also entitled to judicial immunity on Plaintiff's claims against them.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Markus' Motion to Dismiss and **GRANTS** the Appellate Court Defendants' Motion to Dismiss.

The Clerk shall remove Documents 5 and 17 from the Court's pending motions list.

The Clerk shall remove this case from the Court's pending cases list.

**IT IS SO ORDERED.**

                                           */s/ George C. Smith*
                                           **GEORGE C. SMITH, JUDGE**
                                           **UNITED STATES DISTRICT COURT**